## AFFIDAVIT OF SPECIAL AGENT BRYCE MONTOYA
## IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Bryce Montoya, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since May 2018 and I am currently assigned to the Boston Division, Lakeville Resident Agency. While employed by the FBI, I have investigated federal criminal violations related to, among other things, the online sexual exploitation of children. During my training at the FBI Academy, Quantico, Virginia, I received training in a variety of investigative matters.

2. I submit this affidavit in support of a criminal complaint charging Steven CARME, DOB XX-XX-1989, of Marstons Mills, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. Detective Kevin Connolly, of the Barnstable Police Department, conducted an online investigation into the use of peer-to-peer file[1] sharing programs on the Internet to identify persons that distribute child pornography. Beginning in approximately February 2017,

---

[1] Peer to Peer (P2P) file sharing allows people using P2P software to download and share files with other P2P users using the same or compatible P2P software. P2P software is readily available on the Internet and often free to download. Internet-connected devices running P2P software form a P2P network that allows users on the network to share digital files.

1

Detective Connolly began to monitor the Internet Protocol (IP) address[2] 174.62.202.4. The device connected to this IP address, and monitored by Detective Connolly, will hereinafter be referred to as the "Suspect Device." The user of this IP address was utilizing BitTorrent[3] to disseminate large quantities of child pornography.

5. Specifically, on more than ten occasions ranging from February 2, 2017 to January 25, 2019, Detective Connolly learned that a device at IP address 174.62.202.4 was connected to the BitTorrent network, and offering for distribution torrent files[4] identified by Detective Connolly's investigative software as likely to contain child pornography. At times, the Suspect Device would distribute over 100 torrent files associated with child pornography in a single day.

6. On Saturday, October 20, 2018, between the hours of 1:15 PM and 5:10 PM, Detective

---

[2] Internet Protocol (IP) address is a numerical label assigned to each device participating in a computer network that uses the Internet Protocol for communication. Computers on the Internet identify each other by an IP address. IP addresses can assist law enforcement in finding a particular computer on the Internet. IP addresses can typically lead law enforcement to a particular Internet service company and that company can typically identify the account that used the IP address to access the internet.

[3] BitTorrent is one of the many P2P networks. For a user to become part of the BitTorrent network, the user must first obtain BitTorrent software and install it on a device. When the BitTorrent software is running and the device is connected to the Internet, the user will be able to download files from other users on the network and share files from their device with other BitTorrent users.

[4] Users of the BitTorrent network wishing to share new content will use a BitTorrent program to create a "torrent" file for the file or group of files they wish to share. A torrent file is a small file that contains information about the file(s) and provides a method for a user to download the file(s) referenced in the torrent from other BitTorrent users. Torrent files are typically found as the result of keyword searches on the Internet sites that host or link to them. To download file(s) from other users on the BitTorrent network, a user typically obtains a torrent file. The BitTorrent software processes the information in the torrent file and locates devices on the BitTorrent network sharing all or parts or the actual file(s) being sought. The download of the content referenced in the torrent is achieved after the requesting computer and the sharing computer(s) directly connect to each other through the Internet using the BitTorrent P2P software. The BitTorrent network download process actually makes a copy of the selected file(s) for the device seeking the download, leaving the original file(s) on the host computer.

Connolly, using a computer running law enforcement investigative BitTorrent software, directed the investigative focus to a device at the IP address 174.62.202.4 that reported an association with a torrent file having an "info hash"[5] value of 9a15ee963177be3060d4f0c77a64af4371340f2a. This torrent file referenced 192 files, at least one of which was identified by investigative software as likely to contain child pornography, based upon the info hash information in the torrent file. The Suspect Device was the sole device offering that torrent file for download.[6]

7. Detective Connolly then directly connected to the Suspect Device through BitTorrent's P2P software, and successfully completed a partial download of the files that the Suspect Device was making available.

8. Of the 192 files, Detective Connolly was able to successfully download four videos in their entirety, and was able to obtain a partial download (*i.e.*, a download of only a portion of the video, rather than the complete video) of an additional 183 videos; he was not able to download the remaining five files. The partially-downloaded videos range between seconds and minutes in length. Those files may have been partially downloaded for a variety of reasons, including the Suspect Device being interrupted (*e.g.*, being shut down or losing internet connection) during the download, or Detective Connolly's device being interrupted during the download. Alternatively, it could be that Detective Connolly successfully downloaded the files as they existed on the Suspect Device, but the Suspect Device only had partial downloads of the videos on it.

---

[5] Torrent files may be referenced by their "info hash," which uniquely identifies the torrent based on the file(s) associated with the torrent file.

[6] The Suspect Device reported it was using BitTorrent client software –BT7a4S- BitTorrent 7.10.4.

9. I have reviewed some of the 187 videos directly downloaded from the Suspect Device. The following is a description of three videos that I viewed, which were directly downloaded from the Suspect Device on October 20, 2018:

   a. Filename: (Pthc Kidcam Lolifuck) 11 Yo Girl Moaning Having Orgasm Watching Huge Cumshot From Big Old Cock New Very Good.avi

   The video is approximately 2 minutes and 18 seconds in length, and was one of the four complete video files downloaded. This video appears to be a split-screen video chat. On the left side of the screen is a female child, who appears to be approximately 10-12 years old. The female child is sitting on a chair, facing the camera, and is completely nude. In the background behind the female child is a pink and white doll house. The female child is masturbating while looking at the camera. On the right side of the screen is an adult male masturbating. The male's face cannot be seen in the video, and only his penis and a portion of his stomach can be seen. The male ejaculates onto a table in front of the camera. The female child then walks closer to the camera, bends over, and exposes her vagina and anus to the camera.

   b. Filename: Pedo- Dad & Daughter 12Yo Hairlesss Preteen Oral Anal Masturbation (Gq)(Pthc)- Kylie Freeman (Vicky)- Pedofilia Part5.mpg

   The video is a partial download. It is approximately 4 minutes and 56 seconds in length. The video play-bar at the bottom of the screen appears to indicate that the length of the complete video is 33 minutes and 52 seconds. This video begins with a prepubescent female child, who appears to be approximately 11-13 years old, performing oral sex on an adult male. The female child's face can be seen in

4

      the video. The male's face cannot be seen. Later in the video, a female child who appears to be the same child depicted earlier is seen lying on her back nude while an adult penis penetrates her anus.

  c. Filename: 8Yo- Beautiful Lil Girl Sucks Man's Big Dick Great & Takes A Great Facial!!- (33) Lorena 2010 Latingirl 1(Pthc Preteen).avi

      The video is a partial download. It is approximately 37 seconds in length. The video play-bar at the bottom of the screen appears to indicate that the length of the complete video is 2 minutes and 54 seconds. The video begins with a female child who appears to be approximately 7-10 years old lying on her back, with a portion of her breasts exposed. A male, whose face cannot be seen in the video, sits on top of the girl, and forcibly grabs the girl by the back of the neck, pulling her upright to perform oral sex on him. The child performs oral sex on the male throughout the remainder of the video, as he holds her by the back of the neck.

10. Investigators were able to trace the IP address 174.62.202.4 to a residence at 57 Raspberry Lane, Marstons Mills, MA, and learned that one of the potential occupants of the residence was Steven CARME.

11. On February 1, 2019, the undersigned agent obtained a search warrant for 57 Raspberry Lane, Marstons Mills, MA, for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

## EXECUTION OF SEARCH WARRANT

12. On February 5, 2019, at approximately 5:00 p.m., FBI agents executed the search warrant at the residence at 57 Raspberry Lane, Marstons Mills, Massachusetts. CARME was present and located in the shed in the backyard of the residence when agents arrived.

13. During the course of the execution of the search warrant, CARME agreed to speak with investigators after being advised of and executing a written waiver of his Miranda rights. The conversation was recorded; the statements below are summary in nature unless specifically indicated otherwise.

14. During the course of the interview, CARME admitted to using BitTorrent. He informed agents that he used a laptop to run the BitTorrent software. He admitted that he used BitTorrent to receive child pornography from other individuals.

15. CARME's laptop was locked when agents arrived, and connected to a 2 Terabyte Toshiba external hard drive. CARME stated that he was the only one who used his laptop, and that the laptop was password-protected. CARME provided the password to unlock the laptop. Upon unlocking the laptop, agents discovered that the laptop was at that time actively running the BitTorrent client software – BT7a4S- BitTorrent 7.10.4.

16. CARME admitted that he stored child pornography in a folder named Revolution Software on his external hard drive, and estimated that 200 Gigabytes of memory on that hard drive contained child pornography that he had downloaded from BitTorrent or a Russian photo sharing web site called uploadme.ru.

17. In the course of the execution of the warrant, agents located and seized several devices, including the laptop, the external hard drive, and an iPhone model X.

18. Agents were able to conduct an on-scene forensic preview of the laptop and external hard drive and located a folder named "Revolution-Software-v 1.63" (the "Revolution Software folder"). The remaining devices were transported off-scene for processing.

19. During the on-scene forensic preview of the external hard drive, agents observed hundreds of files that they believed to contain child pornography, including videos and images of

children who appeared to be approximately five to eight years old. These were stored within subfolders within the Revolution Software file.

20. Examples of the types of files that agents observed on the external hard drive include:

   a. (Pthc)!!!NEW!!!MOV08828.AVI: This video depicts a female child who appears to be approximately five to eight years old sitting nude in a bathtub performing oral sex on an adult male who was standing outside the bathtub.[7] This file was located within the Revolution Software folder on the external hard drive.

   b. IMG_8626.jpg: This image depicts a pre-pubescent female child who appears to be approximately six to nine years old, naked from the waist down exposing her genitalia.[8] This file was located within the Revolution Software folder on the external hard drive, in a "Playtoy Sweetie" subfolder.

## CONCLUSION

21. Based on all of the foregoing information, I submit that there is probable cause to believe that:

   a. On dates ranging from February 2, 2017 through February 5, 2019, CARME knowingly received any child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

   b. On dates ranging from February 2, 2017 through February 5, 2019, CARME knowingly possessed any material that contained an image of child pornography

---

[7] A still image from this video is available for the Court's review.

[8] This image is available for the Court's review.

that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
Special Agent Bryce Montoya
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me on February 6, 2019.

_____
HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

I have reviewed the images referenced in paragraph 20 above, and I find probable cause to believe that the images depict minors engaged in sexually explicit conduct. The Affiant shall preserve said images for the duration of the pendency of this matter, including any relevant appeal process.

_____
HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE